JOSEPH NOLAN

v.

DAVID M. VOSBURG, use, etc.

1. JURY—TAKING BOOKS, ETC., ON THEIR RETIREMENT.—A jury cannot be permitted on retiring, to take books or papers not introduced as evidence on the trial, unless by consent of parties, and where the record fails to show that books of account, taken by the jury, were introduced as evidence, the error is sufficient ground for reversal.

2. SET-OFF — STATUTE OF LIMITATIONS — INSTRUCTION. — Where the defendant claimed a set-off, and that plaintiff's demand was barred by the Statute of Limitations, an instruction on the part of the plaintiff to the effect that the defendant is liable if the jury believe the debt had not been paid, and that the defendant promised to pay as alleged, was erroneous, in that it excluded from the jury the consideration of defendant's claim of set-off.

3. BURDEN OF PROOF.—An instruction that the burden of proof is upon the defendant to establish his set-off, although correct in that particular, was held defective because it left out of view that the burden of proof in the first instance was upon the plaintiff to show the original indebtedness, and the new promise to take the case out of the operation of the statute.

APPEAL from the Circuit Court of LaSalle county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed May 2, 1879.

Messrs. RICHOLSON & SNOW, for appellant; upon the question of new promise, cited Norton v. Colby, 52 Ill. 198; Mullett v. Shrumph, 27 Ill. 110; Ayers v. Richards, 12 Ill. 146; Parsons v. N. Ill. C. & I. Co. 38 Ill. 430; Keener v. Crull, 19 Ill. 189; Carroll v. Forsyth, 69 Ill. 127; Wachter v. Albee, 80 Ill. 47.

Messrs. J. W. & E. S. BROWNE, for appellee.

SIBLEY, J. In the court below, Vosburg for the use of Breese, recovered a judgment against Nolan, the appellant, for $76.08, founded on an account for goods purchased by the latter of the former. The cause having originated before a justice of the peace, it will be presumed that issues were formed on the pleas of Statute of Limitations and set-off.

Nolan v. Vosburg.

Breese, the person for whose use the suit was brought, testified on the trial in the Circuit Court, that he purchased the account of Vosburg against Nolan, which amounted to $55.70, and in the spring of 1877 he exhibited this account to Nolan, who then promised to pay it, at the time claiming no set-off; but previously had spoken of charges against him, which was the reason they had not before settled. Very little other testimony was introduced on his part.

The promise to pay in the spring of 1877, as well as the correctness of the account, was denied by Nolan. He also on the trial claimed a set-off of many items, and introduced his books of account in evidence to support his testimony.

The bill of exceptions shows that the books of Vosburg were handed to the witness, Breese, but it does not appear they were offered in evidence, and the contents of them are not anywhere stated. The Circuit Court, however, permitted the jury to take these books when retiring to consider their verdict. To this the appellant objected, and has here assigned for error the ruling of the court upon that subject. That it was obviously incorrect, leaves no room for doubt. The law is too well settled, that the jury cannot be permitted to take in its retirement books or papers not introduced as evidence on the trial (unless by consent), to admit of any question. To allow it would be opening the door leading to a loose and dangerous practice. Indeed it is not insisted by counsel for appellee that such a practice could be tolerated.

But it is intimated that these books were introduced in evidence, and that fact, for some reason, is left out of the bill of exceptions. The intimation, it is well known, can have no force in determining the question presented by the record. The bill states that it contains all the evidence offered on the trial by either party, and the books could be considered by the jury only as a portion of the evidence. Finding no record of their introduction, we must presume that none took place.

The errors assigned in respect to the plaintiff's instructions given, although calculated in some measure to mislead the jury, might not be sufficiently erroneous to justify a reversal on that account alone; still, it may not be improper to give them a casual notice.

1. " If the jury find, from the evidence, that the defendant owed the plaintiff, on the 15th day of March, A. D. 1870, $55.70, and that it has not been paid, and that within five years before this suit was brought the defendant recognized the debt as due, and expressly promised to pay it by a day named, it will be sufficient to prevent the bar of the Statute of Limitations, and the plaintiff will be entitled to recover said amount."

2. " If the jury believe, from the evidence, that the defendant purchased the goods of the plaintiff, as claimed, and did not pay for them at the time, but sets up payment by work as his defense, the burden of proof is upon the defendant to satisfy the jury by a preponderance of the evidence; that he has paid amounts as claimed to the plaintiff on this particular account."

The first tells the jury that if the defendant, in 1870, owed the plaintiff $55.70, and that the same had not been paid, and that within five years the defendant promised to pay the debt, this was sufficient to prevent the bar of the Statute of Limitations, and the plaintiff would be entitled to recover.

The debt might not have been paid, and yet the defendant's set-off should not have been entirely excluded from the jury.

The 2nd is correct enough in stating that the burden of proof was on the defendant to establish payment, except it puts out of view the fact that this burden of proof was in the first instance on the plaintiff to make out not only the original indebtedness, but also to establish the new promise in order to take the case from the operation of the statute.

The only other error it is thought necessary to consider, is that the verdict of the jury exceeds an amount authorized by the evidence. The sum due, according to the testimony of the real plaintiff at the time of the new promise claimed in April or May, 1877, was $55.70. Allowing interest on that amount at the rate of six per cent. for a little more than one year, could not by any possible calculation be $20.38, as the jury must have found. But it is suggested by counsel for appellee that the books of the plaintiff which the jury were permitted to take, showed a footing much larger against the defendant than that sum. This, if true, affords an additional reason (provided any was needed), against allowing the books to be taken by

the jury in the manner stated, since the plaintiff in interest had sworn that the amount due by the books, both on his examination in chief and cross-examination, was between $50 and $60. He at least should be concluded by his own testimony of what appeared to be due the nominal plaintiff, and if the books had indicated a different footing, then the defendant should have had an opportunity to object to their introduction, or if admitted, to make his own comments upon the discrepancy.

For the errors indicated, the judgment will be reversed and the cause remanded for a new trial.

Judgment reversed.